THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELIO J. LEAL DE LA HOZ, | CASE NO. C17-1579-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| KLEEN-TECH SERVICES CORPORATION, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion to appoint a deputy marshal to execute service of summons and complaint on Defendant (Dkt. No. 7). On October 30, 2017, Magistrate Judge James Donohue granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 4). The Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff does not cite to any laws that the Defendant violated, but appears to allege that his former employer wrongfully withheld wages owed to him. (Dkt. No. 5 at 2.) He also asserts, however, that the Colorado Department of Labor investigated this issue and ultimately awarded him the unpaid wages and a monetary penalty. (*Id*.) Plaintiff attached documents to his complaint that show Defendant paid him the wages and monetary penalty. (Dkt. Nos. 5-3, 5-4, 5-5.)

Notwithstanding the apparent administrative resolution of his claim, Plaintiff asserts that the Defendant still owes him the unpaid wages because he "could have incurred in debt" an amount equal to the unpaid wages "counting on his wages" being paid. (*Id*.) Additionally, Plaintiff asserts that Defendant owes him "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees, FRCP 54(d)(2)(A-C)." (*Id*.) Plaintiff seeks attorney fees in the amount of $472,500. (*Id*. at 5.) Finally, Plaintiff asks the Court to impose exemplary damages totaling $100,000,000. (*Id*.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff has not alleged facts that demonstrate his claim for relief is plausible. By Plaintiff's own admission, Defendant made payments that "take care of unpaid wages and penalties imposed by the Colorado Department of Labor." (Dkt. No. 5 at 2.) Plaintiff's claim that he "could have incurred debt amounting to [the original amount owed] counting on his wages" is entirely hypothetical and does not give rise to a plausible inference that Defendant is liable for misconduct. *Iqbal*, 556 U.S. at 678. Plaintiff's claim is also frivolous because it "lacks an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff cites to no law, and the Court is not aware of one, that would support his speculative claim for relief.

Plaintiff's request for "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees" is not supported by the law. Unless specified by a statute, a *pro se* plaintiff is not entitled to an award of attorney fees.

*See Gonzalez v. Kangas*, 814 F.2d 1411, 1411-12 (9th Cir. 1987) (collecting cases finding that a *pro se* civil rights litigant is not entitled to attorneys' fees under 42 U.S.C. § 1988). Plaintiff cites no statute or precedent to suggest he is entitled to such fees. Finally, his claim for $100,000,000 in exemplary damages is facially frivolous. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.")

Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But, the Court will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

Accordingly, the Court ORDERS that Plaintiff shall file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims against Defendant. Plaintiff shall identify what law or laws he believes Defendant has violated, and how Defendant's violation caused him to be harmed.

The Clerk is DIRECTED to renote Plaintiff's motion to appoint a deputy marshal to execute service of summons and complaint on Defendant (Dkt. No. 7) to January 1, 2018. The Clerk is further DIRECTED to mail a copy of this order to Plaintiff at 77 S. Washington St., Seattle, WA 98104.

DATED this 7th day of December 2017.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk