THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELIO J. LEAL DE LA HOZ,

Plaintiff,

v.

KLEEN-TECH SERVICES CORPORATION,

Defendant.

CASE NO. C17-1579-JCC

ORDER

This matter comes before the Court *sua sponte* on the Court's minute order directing Plaintiff to file an amended complaint (Dkt. No. 8). On October 30, 2017, Magistrate Judge James Donohue granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 4). On December 7, 2017, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed Plaintiff to file an amended complaint within 21 days. (Dkt. No. 8.) Plaintiff failed to file an amended complaint within the allotted time.

In his complaint, Plaintiff does not cite to any laws that the Defendant violated, but appears to allege that his former employer wrongfully withheld wages owed to him. (Dkt. No. 5 at 2.) He also asserts, however, that the Colorado Department of Labor investigated this issue and ultimately awarded him the unpaid wages and a monetary penalty. (*Id.*) Plaintiff attached documents to his complaint that show Defendant paid him the wages and monetary penalty. (Dkt. Nos. 5-3, 5-4, 5-5.) Notwithstanding the apparent administrative resolution of his claim,

Plaintiff asserts that Defendant still owes him the unpaid wages because he "could have incurred in debt" an amount equal to the unpaid wages "counting on his wages" being paid. (*Id*.) Additionally, Plaintiff asserts that Defendant owes him "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees, FRCP 54(d)(2)(A-C)." (*Id*.) Plaintiff seeks attorney fees in the amount of $472,500. (*Id*. at 5.) Finally, Plaintiff asks the Court to impose exemplary damages totaling $100,000,000. (*Id*.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff has not alleged facts that demonstrate his claim for relief is plausible. By Plaintiff's own admission, Defendant made payments that "take care of unpaid wages and penalties imposed by the Colorado Department of Labor." (Dkt. No. 5 at 2.) Plaintiff's claim that he "could have incurred debt amounting to [the original amount owed] counting on his wages" is entirely hypothetical and does not give rise to a plausible inference that Defendant is liable for misconduct. *Iqbal*, 556 U.S. at 678. Plaintiff's claim is also frivolous because it "lacks an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff cites to no law, and the Court is not aware of one, that would support his speculative claim for relief.

Plaintiff's request for "the value in dollars of the time spent resolving this matter . . . i.e. the time spent resolving this matter as equivalent to hourly attorney fees" is not supported by the law. Unless specified by a statute, a *pro se* plaintiff is not entitled to an award of attorney fees. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1411–12 (9th Cir. 1987) (collecting cases finding that a

*pro se* civil rights litigant is not entitled to attorneys' fees under 42 U.S.C. § 1988). Plaintiff cites no statute or precedent to suggest he is entitled to such fees. Finally, his claim for $100,000,000 in exemplary damages is facially frivolous. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.")

Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In its earlier order, the Court gave Plaintiff 21 days to file an amended complaint in order to fix the above-mentioned deficiencies. (Dkt. No. 8.) Plaintiff has filed to file an amended complaint within the allotted time period.

The Court has again reviewed the complaint and concludes that this suit raises frivolous claims. Plaintiff fails to set forth causes of action plausibly linked to the alleged facts and asks for an award of damages that is facially frivolous. Under 28 U.S.C. § 1915(e)(2)(B), dismissal is warranted.

Accordingly, the Court DISMISSES Plaintiff's claims without prejudice. As such, Plaintiff's motion to appoint a Deputy Marshall to execute a service of summons and complaint on Defendant (Dkt. No. 7) is DENIED. The Clerk is DIRECTED to close this case. The Clerk is further DIRECTED to mail a copy of this order to Plaintiff at 77 S. Washington St., Seattle, WA 98104.

DATED this 3rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-1579-JCC
PAGE - 3